**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HARRISON LEE RILEY,                  )
                                     )
        Plaintiff,                   )        Civil Action No. 21-286
                                     )        Magistrate Judge Maureen P. Kelly
        v.                           )
                                     )        Re: ECF Nos. 23 and 25
TIMMONS CONSTRUCTION LLC, RYAN       )
TIMMONS and PANCHO TIMMONS,          )
                                     )
        Defendants.                  )

## **MEMORANDUM OPINION**

In this action, Plaintiff Harrison Lee Riley ("Plaintiff") brings claims under Pennsylvania

law arising out of a series of allegedly failed renovation projects undertaken by Defendants

Timmons Construction LLC ("Timmons Construction"), Ryan Timmons and Pancho Timmons.

ECF No. 21.

Presently before the Court is a Motion to Dismiss for Failure to State a Claim, Failure to

Join a Party, or Alternatively, for a More Definite Statement filed by Defendant Pancho Timmons

("Motion to Dismiss"). ECF No. 25. Also before the Court is a Rule 12(b)(6) Motion to Dismiss

Counts II-VI of Plaintiff's Amended Complaint for Failure to State a Claim filed by Defendants

Timmons Construction and Ryan Timmons ("Motion to Dismiss"). ECF No. 23. For the

following reasons, the Motions to Dismiss are granted in part and denied in part.[1]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United
States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 32, 33
and 35.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual allegations

Plaintiff is the sole member of Glass Beach Ventures, LLC ("Glass Beach").  ECF No. 21 ¶ 2.  Glass Beach owns three residential investment properties located in Pittsburgh, Pennsylvania ("Properties"), which are in the process of renovation for rent or resale.  Id.

Ryan Timmons owns and manages Timmons Construction, a renovation construction company.  Id. ¶¶ 4-6.  His brother, Pancho Timmons, is an employee or agent of Timmons Construction and managed Timmons Construction's projects in the Pittsburgh, Pennsylvania area. Id. ¶¶ 7-9.

Plaintiff discussed renovations to be performed on the Properties with Timmons Constructions in or around November 2019.  Id. ¶ 12.  Timmons Constructions provided separate statements of work with proposed pricing for each of the Properties ("Statements of Work"). Id. ¶ 19.  During those discussions, Defendants knowingly or recklessly misrepresented that Timmons Construction "was an established full-service renovation construction company sufficiently experienced, knowledgeable, skilled, and capitalized to properly staff, manage, and perform renovation of residential investment properties in Pittsburgh, Pennsylvania."  Id. ¶¶ 13, 15.

Based on these alleged misrepresentations, Plaintiff entered into three oral contracts with Timmons Construction, in which Timmons Construction agreed to perform the work set forth in the Statements of Work for the prices set forth in them ("Contracts").  Id. ¶¶ 14, 20.  He also made "sizable" down payments for work to begin.  Id. ¶ 17.  Plaintiff later agreed to increase the scope of work and cost through three oral change orders.  Id. ¶¶ 42, 45 and 48; ECF No. 21-2 at 2.

From the beginning, Timmons Construction allegedly mismanaged the projects by, among other things, failing to obtain necessary permits, failing to satisfy the time frames set forth in the Statement of Work (even when accounting for Governor Wolf's shutdown order in response to the COVID-19 pandemic), failing to properly track the use of funds paid by Plaintiff, and misappropriating those funds.  ECF No. 21 ¶ 23.

Between June and September 2020, Timmons Construction "acknowledged shortcomings in its performance," and it replaced Pancho Timmons as the project manager.  Id. ¶ 24.  Defendants falsely claimed their "shortcomings" were due to complications associated with the COVID-19 pandemic, and those issues could be resolved with increased cashflow.  Id. ¶ 26.  At some point, Defendants required Plaintiff to pay $15,000 a week to continue their work.  Id. ¶ 15.

During the projects, Plaintiff claims that he continued to make payments or to modify the payment plans based on Defendants' misrepresentations that "certain work was completed, that such payments were due or otherwise necessary for work to continue, and that work was progressing at each of the Properties."  Id. ¶¶ 22, 27, 31 and 33.  Although Defendants claimed to require the funds for his projects, Plaintiff alleges that Defendants intended to use the funds for personal expenditures, to support other failing projects, or for use on something other than funding renovations on the Properties.  Id. ¶¶ 18, 30.

In November 2020, Timmons Construction informed Plaintiff that it would be unable to complete the projects and suggested that Plaintiff hire a new contractor to do so.  Id. ¶ 33.  Plaintiff paid Timmons Construction $437,000 to complete the renovations.  Id. ¶ 32.  The value of the work performed by Timmons Constructions on the Properties is $135,500 or less.  Id. ¶ 35.  The estimated cost to complete the unfinished work and correct various deficiencies in the existing work product exceeds the prices set forth in the Statements of Work by over $140,000.  Id. ¶ 37.

### B.  Legal Claims

Based on these allegations, Plaintiff asserts these claims: Count I: Breach of Contract; Count II: Unjust Enrichment; Count III: Conversion; Count IV: Fraud/Fraudulent Inducement/Negligent Misrepresentation; Count V: Civil Conspiracy; Count VI: Piercing the Corporate Veil.  Plaintiff asserts Count I only against Timmons Construction.  He asserts Counts II through VI against all Defendants.

### C.  Procedural History

Plaintiff filed his original Complaint on March 2, 2021.  ECF No. 1.  Defendant Pancho Timmons answered the Complaint.  ECF No. 6.

The parties consented to Plaintiff filing an Amended Complaint.  ECF No. 20.  Plaintiff filed the operative Amended Complaint on June 24, 2021.  ECF No. 21.

On July 15, 2021, Defendants filed the instant Motions to Dismiss and Briefs in Support. ECF Nos. 23, 24, 25 and 26.  Plaintiff filed a Brief in Opposition to the Motions to Dismiss on August 13, 2021.  ECF No. 34.  Defendants Ryan Timmons and Timmons Construction then filed a Reply in support of their Motion to Dismiss, in which Pancho Timmons joined.  ECF Nos. 36 and 37.

The Motions to Dismiss are now ripe for consideration.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept

bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### B. Rule 12(e)

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," Twombly, 550 U.S. at 593 n. 13, that, along with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." Sony BMG Music Ent. v. Cloud, No. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 22, 2008). "A motion for a more definite statement under Rule 12(e) 'is directed

to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" <u>Id.</u> (quoting <u>Schaedler v. Reading Eagle Publ'n, Inc.</u>, 370 F.2d 795, 798 (3d Cir. 1967)).

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" <u>Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC</u>, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011) (quoting <u>Hughes v. Smith</u>, No. 03-cv-5035, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)).  As a result, such a motion generally will be granted "'only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" <u>Synagro-WWT, Inc. v. Rush Twp.</u>, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002).

## III.   DISCUSSION

### A.  Breach of Contract (Count I)

In Count I, Plaintiff asserts a breach of contract claim against Timmons Construction.  In support of his Motion to Dismiss, Pancho Timmons argues that Plaintiff has alleged the existence of three oral contracts and change orders that were orally agreed to, but he does not sufficiently plead facts to establish the terms of those contracts.  ECF No. 26 at 11.[2]  Based on this, he argues that Plaintiff should be required to make a more definite statement.  <u>Id.</u>

Upon review, Pancho Timmons' Motion to Dismiss is denied as to Count I.  A motion for more definite statement should be granted when the pleading is so vague and ambiguous that the opposing party cannot respond in good faith without prejudice to itself.  <u>MK Strategies, LLC v.</u>

---

[2] Timmons Construction and Ryan Timmons do not move to dismiss Count I, noting they do not dispute the existence of a valid contract.  These Defendants assert, however, that the specific terms of the Contracts will be the subject of further discovery and litigation.  ECF No. 24 at 15.

Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008).  Here, the breach of contract claim is sufficiently pled.  However, Plaintiff does not plead Count I against Pancho Timmons.

**B.  Unjust Enrichment (Count II)**

In Count II, Plaintiff pleads a claim for unjust enrichment, "only as an alternative" to his breach of contract claim in Count I.  ECF No. 21 ¶ 78.  Defendants argue that Count II should be dismissed because Plaintiff cannot maintain an unjust enrichment claim if the parties' relationship is founded on a written agreement or express contract.  ECF No. 24 at 14; ECF No. 26 at 11. Because Plaintiff did not make payments to either Ryan or Pancho Timmons individually, and there are no allegations that Ryan Timmons made any promises in his individual capacity, they also argue this claim should be dismissed against these Defendants.  ECF No. 24 at 16; ECF No. 26 at 11.

In response, Plaintiff argues that he properly pleads this claim in the alternative to his breach of contract claim.  He argues that it would be premature to dismiss this claim, because Defendants have not yet affirmatively pleaded or otherwise conceded that the Contracts are enforceable.   ECF No. 34 at 17.  He does not specifically address whether this claim should be dismissed as to Ryan or Pancho Timmons based on their lack of personal involvement.

A claim of unjust enrichment "is an equitable action which sounds in quasi-contract, a contract implied in law."  Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 625 (E.D. Pa. 2010). To establish such a claim, Plaintiff must "'show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider.'"  Id. (quoting Bair v. Purcell, 500 F. Supp. 2d 468, 499 (M.D. Pa. 2007)).

Nonetheless, "[i]t is well-settled in Pennsylvania that the existence of a contract prevents a party from bringing a claim for unjust enrichment." Vantage Learning (USA), LLC v. Edgenuity, Inc., 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017).  Even if a contract allegedly exists, however, a plaintiff may plead a claim for unjust enrichment in the alternative under Federal Rule of Civil Procedure 8(d)(2) if: (1) the contract at issue covers only a part of the relationship between the parties, or (2) the existence of a contract is uncertain or its validity is disputed by the parties.  Id.

Upon review, Count II is dismissed as to Ryan Timmons and Pancho Timmons.  Plaintiff only claims that he paid Timmons Construction.  Therefore, he does not state a claim for unjust enrichment as to the individual Defendants.

But it is premature to dismiss Count II against Timmons Construction.  As discussed, Plaintiff may plead this claim in the alternative if there is any dispute over the existence, validity or scope of the contract.  At this preliminary stage, it is not clear whether those issues will be contested.  For these reasons, the Motions to Dismiss are granted relative to Count II against Ryan and Pancho Timmons and denied as to Count II against Timmons Construction.

### C. Conversion (Count III) and Fraud/Fraud in the Inducement/Negligent Misrepresentation (Count IV)

Defendants move to dismiss Plaintiff's tort claims in Counts III and IV based on the gist of the action doctrine and the economic loss rule.  Under Pennsylvania law, the gist of the action doctrine and the economic loss rule are both "designed to maintain the conceptual distinction between breach of contract claims and tort claims."  Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc., No. 18-1418, 2019 WL 1978429, at *5 (W.D. Pa. May 3, 2019) (quoting KBZ Communications Inc. v. CBE Techs. LLC, 634 F. App'x 908, 910-11 (3d Cir. 2015)).  As this Court has recognized, "[t]he most recent decisions by the Supreme Court of Pennsylvania analyzing these legal doctrines generally recognize that parties to a contract may be subject to

liability for tortious conduct which occurred during the pendency of the contract but preclude tort liability for a party's breach of the duties covered by the parties' contractual agreement." Id. (citing, e.g., Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014) (gist of the action doctrine); Dittman v. UPMC, 196 A.3d 1036, 1054 (Pa. 2018) (economic loss doctrine)).

The gist of the action doctrine "provides that a tort claim 'based on [a] party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action . . . although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016) (quoting Bruno, 106 A.3d at 53).

To determine whether the gist of the action doctrine applies, "a court must identify the duty breached, because 'the nature of the duty alleged to have been breached . . . [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.'" Id. (quoting Bruno, 106 A.3d at 68).  In reaching this determination, the "substance of the allegations compromising a claim are of paramount importance," and the "mere labeling by the plaintiff of a claim as being in tort . . . is not controlling." Id. (quoting Bruno, 106 A.3d at 68) (internal quotations omitted).

 As the Pennsylvania Supreme Court explained, "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that party would not ordinarily have been obligated to do but for the existence of the contract," then the claim should be treated as one for breach of contract.  Bruno, 106 A.3d at 68.  "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." Id.

As the United States Court of Appeals for the Third Circuit has observed, the gist of the action doctrine "cannot be captured by any precisely worded test"; it instead "call[s] for a fact-intensive judgment [by the court] as to the true nature of a claim." Williams v. Hilton Grp. PLC, 93 F. App'x 384, 386 (3d Cir. 2004). Courts should be cautious of dismissing claims under the gist of the action doctrine because the Federal Rules of Civil Procedure allow parties to plead alternative theories of liability. USG Ins. Servs., Inc. v. Bacon, No. 2:16-cv-1-24, 2016 WL 6901332, at *7 (W.D. Pa. Nov. 22, 2016).

As for the economic loss doctrine, it prohibits plaintiffs "from recovering in tort economic losses to which their entitlement flows only from a contract." Earl v. NVR, Inc., 990 F.3d 310, 312 (3d Cir. 2021) (quoting Werwinski v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002)). Much like the gist of the action doctrine, courts consider whether the duty at issue "arises independently of any contractual duties between the parties." Battle Born Munitions, Inc., 2019 WL 1978429, at *5 (quoting Dittman, 196 A.3d at 1054).

Against this backdrop, the Court now considers the parties' arguments relative to Counts III and IV.

### 1. Conversion (Count III)

In support of the Motions to Dismiss, Defendants argue that Plaintiff's conversion claim should be dismissed under the gist of the action doctrine and economic loss doctrine because it is a recasting of his breach of contract claim. Defendants argue that this claim arises out of Timmons Construction's alleged "nonperformance" of its obligations under the Contracts, and that Plaintiff requests the same amount of damages for conversion and breach of contract. ECF No. 24 at 5-8. He also seeks purely economic losses in tort for Defendants' non-performance. Id. at 8; ECF No. 26 at 10.

In response, Plaintiff argues that his conversion claim should not be dismissed because, if the Contracts are found to be unenforceable, there would be no duties created by the Contracts. ECF No. 34 at 9-10, 12.  As a result, he argues it is premature to dismiss this claim.

"Conversion is 'the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification.'"  Takeda Pharm. USA, Inc. v. Spireas, No. 17-0452, 2017 WL 4401988, at *18 (E.D. Pa. Oct. 3, 2017) (quoting Brown & Brown, 745 F. Supp. 2d at 622).  When plaintiff's allegations "'reveal merely a damage claim for breach of contract,' plaintiff has not pled a colorable claim for conversion."  Id. (quoting Brown & Brown, 745 F. Supp. 2d at 622).  Such claims are properly dismissed under the gist of the action doctrine when "the alleged entitlement to the chattel arises solely from the contract between the parties."  Id. (quoting Brown & Brown, 745 F. Supp. 2d at 622); see also Murphy v. Mid East Oil Co., No. 06-1343, 2007 WL 527715, at *5-6 (W.D. Pa. Feb. 14, 2007) (dismissing conversion claim because it was dependent on the defendant's noncompliance with the terms of the agreement).

Upon review, the Court finds that Count III should be dismissed.  Plaintiff's claim for conversion arises out of Defendants' alleged non-performance of their contractual obligations. Because this claim arises out of the same facts as Plaintiff's breach of contract claim, it is barred by the gist of the action doctrine.  See, e.g., Brezinski v. Widener Univ., No. 20-cv-4939, 2022 WL 267898, at *6 (E.D. Pa. Jan. 28, 2022) ("Claims for conversion have been consistently disallowed where such claims are based on the same facts as the contract claim.") (citing Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 684 (Pa. Super. Ct. 2003)).  Plaintiff also only seeks economic damages for the alleged loss of the benefit of the bargain with Timmons Construction.

As a result, the gist of the action doctrine and economic loss rule bar Plaintiff's claim for conversion.

"If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. Because Plaintiff's conversion claim arises out of Defendants' contractually based duties, for the reasons discussed, however, the Court finds that granting leave to amend would be futile. Therefore, the Motion to Dismiss to Count III is granted with prejudice.[3]

### 2. Fraud/fraud in the inducement/negligent misrepresentation (Count IV)

As to Count IV, Defendants argue this claim is also an improper recasting of Plaintiff's breach of contract claim in Count I, and it should be dismissed pursuant the gist of the action doctrine and economic loss rule. Defendants argue that Plaintiff only seeks economic damages, and his fraud allegations arise out of the alleged non-performance of the contract or misrepresentations similar to what the Pennsylvania Superior Court dismissed under the gist of the action doctrine in eToll, Inc. v. Elias/Savion Advertising Inc., 811 A.2d 10 (Pa. Super. Ct. 2002). ECF No. 24 at 5-9; ECF No. 26 at 9-11. Defendants also argue this claim should be dismissed because it is not sufficiently pleaded under Federal Rule of Civil Procedure 9(b). ECF No. 24 at 9; ECF No. 26 at 4.

In response, Plaintiff argues that it is premature to dismiss this claim, because the Contracts could be found to be unenforceable. ECF No. 34 at 9. He also argues that the fraudulent misrepresentations in Count IV, especially any allegations of fraudulent inducement, arise out of

---

[3] Although Plaintiff does not claim that Pancho Timmons or Ryan Timmons were parties to the Contracts, "[t]he aggrieved contracting party cannot 'detach' employees from their status as agencies of the other contracting party by holding them liable in tort for their company's contractual breach," and "Pennsylvania courts have repeatedly held that employees receive coextensive protection from the gist of the action doctrine." KBZ Communications Inc. v. CBE Technologies LLC, 634 F. App'x 908, 911-12 (3d Cir. 2015). As a result, the individual defendants may rely on the gist of the action doctrine, even though the purported Contracts were between Plaintiff and Timmons Construction.

a societal obligation not to mislead, as opposed to breach of contractual duties.  Id. at 8, 11.  To the extent that Defendants argue his claim is insufficiently specific, he contends that the allegations sufficiently place Defendants on notice of their alleged misconduct.  Id. at 13.

In his Amended Complaint, Plaintiff claims in Count IV that Defendants knowingly or recklessly misrepresented certain facts to induce him to enter the contracts, keep making payments under the contracts, and to modify the payment terms.  ECF No. 21 ¶¶ 90-100.

In particular, Plaintiff relies on four alleged misrepresentations:

1. Defendants, individually and collectively, represented that Timmons Construction was an established full-service renovation construction company sufficiently experienced, knowledgeable, skilled, and capitalized to properly staff, manage and perform renovation of residential investment properties in Pittsburgh, Pennsylvania.

2. Defendants . . . represented that [Timmons Construction's] shortcomings on the projects resulted from the COVID-19 pandemic and that such shortcomings could be overcome with increased cashflow.

3. Timmons Construction, by and through Ryan and Pancho Timmons, made material misrepresentations of fact regarding the amount of work completed on the Properties, that payments were due for such work or otherwise necessary for work to proceed, and the use of payments by Plaintiff.

4. Timmons Construction represented that it was entitled to payment for work which was not complete and that payments made by Plaintiff were used in performing the work set forth in the Statements of Work.

Id. ¶¶ 90, 93,

Because Count IV sounds in fraud, this claim "must satisfy the 'stringent' Rule 9(b) requirements for particularity."  Travelers Indem. Co. v. Cephalon, Inc., 620 F. App'x 82, 85 (3d Cir. 2015).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  As the United States Court of Appeals for the Third Circuit has explained, this rule requires plaintiffs to "plead with particularity

13

the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Travelers Indem. Co., 620 F. App'x at 85 (quoting Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated in part on other grounds by* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  "Although allegations of time, date or place satisfy the particularity requirements, a plaintiff can also satisfy the pleading requirements by pleading with a 'degree or precision or some measure of substantiation into the fraud allegation.'" Mikula v. C.R. Bard, Inc., No. 2:21-cv-01307, 2021 WL 5989130, at *7 (W.D. Pa. Dec. 17, 2021) (quoting Kester v. Zimmer Holdings, No. 2:10-cv-00523, 2010 WL 2696467, at * 12 (W.D. Pa. June 16, 2010; Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007)).  At a minimum, plaintiff must identify "who made a representation to whom and the general content of the misrepresentation." Travelers Indem. Co., 620 F. App'x at 85 (quoting Lum, 361 F.3d at 224).

Upon review, the Court finds that Count IV should be dismissed because it is not sufficiently pleaded.  To begin with, Plaintiff has improperly combined several causes of action into one, so it is not clear whether he claims that each misrepresentation was negligently made, fraudulently made, or both.

As for the specific misrepresentations, Plaintiff does not include sufficient detail to satisfy Rule 9(b).  The first misrepresentation concerns Defendants' qualifications, and Plaintiff claims that Defendants "individually and collectively" made these representations in or about November 2019.  The Court cannot reasonably determine, however, who specifically made the representations, what those misrepresentations were (in a concrete sense, rather than puffery), or why they were false.  See, e.g., Billy Casper Golf, LLC v. RG Servs., LLC, No. 1:19-cv-01420, 2020 WL 4206242, at *3 (M.D. Pa. July 22, 2020).

The second, third and fourth misrepresentations concern the quality and extent of Defendants' work under the contract, and whether further payments were due or required. Again, Plaintiff does not provide enough context. There is no clear indication of when or where these statements occurred, who specifically made them, or what specifically Defendants claimed to have accomplished that was not true. Because Plaintiff's Amended Complaint lacks these details, for example, it is not clear which statements allegedly induced him to modify the terms of his agreements, or to what extent Pancho Timmons, who left the project in September 2020, was allegedly involved. Thus, Count IV is dismissed.

Although Defendants argue that Plaintiff's claim is nevertheless barred by the gist of the action doctrine or economic loss rule, the Court cannot conclude that Plaintiff would be unable to state any plausible claim. To the extent that Plaintiff claims that Defendants fraudulently induced him to enter into or modify the contracts, for example, Defendants' breach might arise out of non-contractual duties. See, e.g., SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183 (3d Cir. 2022) ("[A] precontractual duty not to deceive through misrepresentation or concealment exists independently of a later-created contract"). For these reasons, the Court grants the Motion to Dismiss Count IV. That said, Count IV is dismissed without prejudice, and Plaintiff will be granted leave to amend as appropriate.

### D. Civil Conspiracy (Count V)

In support of the Motions to Dismiss, Defendants argue that Plaintiff fails to state a conspiracy claim because a civil conspiracy claim must be supported by a valid underlying tort claim. ECF No. 24 at 10. Because Plaintiff does not plead any viable tort claim, Defendants argue, Count V should be dismissed. Id. Defendants also argue that Plaintiff fails to state a claim because

he does not plead facts demonstrating proof of malice, and he relies on conclusory allegations of Defendants' agreement to conspire.  ECF No. 26 at 10; ECF No. 24 at 11 n. 2.

In response, Plaintiff refers the Court to his argument that his underlying tort claims in Counts III and IV should not be dismissed.  ECF No. 34 at 14.  He also argues that conspiracy must usually be inferred from the circumstances, and he sufficiently pleads facts giving rise to such an inference.  Id. at 13-14.

Upon review, the Court agrees that Count IV should be dismissed.  Under Pennsylvania law, a claim for civil conspiracy must be supported by a valid underlying tort.  Kist v. Fatula, No. 3:2006-67, 2007 WL 2404721, at *9 (W.D. Pa. Aug. 17, 2007) ("[I]n Pennsylvania, success on a claim for civil conspiracy is predicated on the existence of the underlying tort; if the underlying tort is found not to exist, the related claim for civil conspiracy to commit that tort necessarily fails.").  Because Plaintiff's tort claims in Counts III and IV are dismissed for the reasons discussed, his conspiracy claim is also properly dismissed.

Given the Court's previous finding that leave to amend should be granted relative to Count IV, however, Plaintiff also will be granted leave to re-plead Count IV, as appropriate.   As a result, the Motion to Dismiss Count IV is granted without prejudice.

### E.  Piercing the Corporate Veil (Count VI)

As for Plaintiff's veil-piercing claim in Count VI, Defendants argues this claim should be dismissed because Plaintiff simply relies on legal conclusions without pleading sufficient facts.  ECF No. 24 at 11-12.  Pancho Timmons also argues that he did not have ownership or control of

Timmons Construction, so there is no basis to hold him personally liable if the corporate veil is pierced.  ECF No. 26 at 13.

In response, Plaintiff argues that Ryan and Pancho Timmons both used the corporate form of Timmons Construction to pursue fraudulent and illegal activities.  ECF No. 34 at 16.  He refers the Court to allegations that Timmons Constructions was undercapitalized, failed to adhere to corporate formalities, that it intermingled its assets with Ryan and Pancho Timmons' assets, and that Defendants engaged in fraudulent activities.  Id.  He also relies on an allegation made by a plaintiff in a separate lawsuit that Ryan Timmons admitted to using funds for personal use.  Id. Finally, Plaintiff argues that it would be unjust to allow those who hold ownership interests in Timmons Construction, "including Ryan Timmons and, perhaps, Pancho Timmons" to escape the consequences of their actions.  Id. at 17.

Generally, "a shareholder is not personally liable to perform corporate obligations." Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1520-21 (3d Cir. 1994).  "Piercing the corporate veil 'is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation.'"  Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 576 (3d Cir. 2018) (quoting In re Blastein, 192 F.3d 88, 100 (3d Cir. 1999)).

Under Pennsylvania law, there is a "strong presumption" against piercing the corporate veil.  Mortimer v. McCool, 255 A.3d 261, 268 (Pa. 2021) (citing Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995)).  Thus, "[a]ny court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception."  Id. (quoting Wedner v. Unemployment Bd. of Rev., 296 A.2d 792, 794 (Pa. 1972)).

The Supreme Court of Pennsylvania has held that the "corporate form may be disregarded 'whenever one in control of a corporation uses that control, or uses the corporate assets, to further his or her own personal interests.'" Id. (quoting Ashley v. Ashley, 393 A.2d 637, 641 (Pa. 1978)). Courts consider these factors for a piercing inquiry: "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs[,] and use of the corporate form to perpetuate a fraud." Id. (quoting Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995). Or, in other words, "the evidence must ultimately show that the corporation was 'nothing more than a sham used to disguise [the shareholders'] use of its assets for [their] own benefit in fraud of its creditors." Clientron Corp., 894 F.3d at 576 (quoting Blatstein, 192 F.3d at 100).

Upon review, Plaintiff claims that Defendants intermingled assets, undercapitalized, failed to adhere to corporate formalities, and fraudulently solicited funds through Timmons Construction for personal use. See, e.g., ECF No. 21 ¶¶ 30, 109-111. At this preliminary stage, the Court finds that Plaintiff sufficiently pleads a request to pierce the corporate veil. Following discovery, this issue may be considered at the summary judgment stage of the case, if appropriate. Therefore, the Motion to Dismiss Count VI, on this basis, is denied.

### F. Failure to Join an Indispensable Party or Lack of Standing

In support of its Motion to Dismiss, Pancho Timmons argues that Glass Beach should be joined as an indispensable party to this action under Federal Rule of Civil Procedure 19 because it owns the Properties. ECF No. 26 at 3. If Glass Beach is not joined, he argues, Pancho Timmons may be at risk of incurring double, multiple, or otherwise inconsistent obligations. Id. "[I]f nothing else," he argues, a more definite statement is needed to determine whether Plaintiff does, in fact, have standing to bring this claim. Id.

In response, Plaintiff argues that he is not bringing this action because he is the sole member of Glass Beach. Instead, he claims that he personally entered into the Contracts with Timmons Construction, made the payments personally, and is identified as the recipient of the Statements of Work on the face of those documents. ECF No. 34 at 18. As a result, he argues there is no basis to find that Glass Beach must be joined or that Plaintiff lacks standing. Id. at 19.

Under Federal Rule of Civil Procedure 19(a), "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Based on the above, the sole remaining claims are breach of contract and unjust enrichment claims against Timmons Construction. Plaintiff claims that he personally entered into the Contracts with, and paid, Timmons Construction. Plaintiff therefore has standing to pursue this claim. Because Glass Beach is not an alleged party to the Contracts and did not allegedly make any payments at issue, there is also no indication that in Glass Beach's absence the Court will be unable to accord complete relief. Therefore, the Motion to Dismiss is denied on this basis.

### G. Punitive Damages

Finally, Defendants also contend that Plaintiff's claim for punitive damages should be dismissed. ECF No. 24 at 13-14. Because Plaintiff's breach of contract and unjust enrichment

claims are the only remaining substantive claims, the Court finds that it is appropriate to dismiss Plaintiff's claim for punitive damages. <u>DiGregorio v. Keystone Health Plan E.</u>, 840 A.2d 361, 370 (Pa. Super. Ct. 2003) (plaintiff cannot recover punitive damages for an action sounding solely in breach of contract); <u>Williamsburg Commons Condo. Ass'n v. State Farm Fire & Cas. Co.</u>, 907 F. Supp. 2d 673, 680 n. 7 (E.D. Pa. 2012) (unjust enrichment is a "quasi-contract" remedy for which punitive damages are unavailable). As a result, the Motion to Dismiss is granted relative to Plaintiff's claim for punitive damages.

## IV.    CONCLUSION

For these reasons, Defendants' Motions to Dismiss are granted in part and denied in part. The Motions to Dismiss are granted relative to Count II against Pancho Timmons and Ryan Timmons, Counts III, IV, and V against all Defendants, and for Plaintiff's request for punitive damages.

Count III is dismissed with prejudice. Counts II (as to Ryan and Pancho Timmons, only), IV and V are dismissed without prejudice, and Plaintiff will be granted leave to amend, as appropriate, on or before March 14, 2022.

The Motions to Dismiss are denied in all other respects.

An appropriate Order will be entered.


Dated:  February 28, 2022                      BY THE COURT,

                                               _/s/ Maureen P. Kelly_____
                                               MAUREEN P. KELLY
                                               UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.